```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

**UNITED STATES OF AMERICA, ex rel.,**
**PAUL WATKINS,**

       Plaintiffs,

v.                                                                ACTION NO. 2:04cv116

**AIT WORLDWIDE LOGISTICS, INC.,**
**AIR CARGO EXPEDITERS, INC., and**
**THOMAS A. PERRY, JR.,**

       Defendants,

**and**

**AIT WORLDWIDE LOGISTICS, INC.,**

       Defendant and
       Cross Claim Plaintiff,

v.

**AIR CARGO EXPEDITERS, INC., and**
**THOMAS A. PERRY, JR.,**

       Defendants and
       Cross Claim Defendants.

## OPINION AND FINAL ORDER

This matter comes before the court on defendant and cross claim plaintiff AIT Worldwide Logistics, Inc.'s ("AIT") motion to confirm arbitration award and defendants and cross claim defendants Air Cargo Expediters, Inc. and Thomas A. Perry, Jr.'s (referred to collectively as "Air Cargo") motion to vacate arbitration award.

For the reasons stated below, AIT's motion to confirm arbitration award is **GRANTED**, and Air Cargo's motion to vacate arbitration award is **DENIED**.

## I. Factual and Procedural History

In June, 1996, AIT, an Illinois corporation providing freight transportation services, and Air Cargo, a Virginia corporation, entered into an Independent Contractor Agreement ("Agreement") whereby Air Cargo would sell AIT's freight transportation services in the Virginia Beach area. See AIT's Mem. Opp'n Mot. Vacate Arbitration Award Ex. 1, Attach. 2 (Independent Contractor Agreement) (hereinafter "Agreement"). Once Air Cargo procured a customer for AIT's services, § III(K) of the Agreement obligated Air Cargo to enter all pertinent information on the customer's shipment, including the price charged to the customer, into AIT's computer system. See Agreement at § III(K).

The indemnification provision of the Agreement obligated each party to indemnify and hold the other harmless against "any and all claims, liabilities, costs and expenses (including reasonable attorney's fees), actions and damages arising out of or in connection with" the other's services. See id. at § X. The parties further agreed to settle all disputes arising out of the Agreement in arbitration proceedings to be held in Chicago, Illinois, and they stipulated that the laws of Illinois would govern the interpretation and enforcement of the Agreement. See

2

id. at § XIX.

The United States Department of the Navy ("Navy") was one of the customers to whom Air Cargo sold AIT's freight transportation services. In March, 2004, a relator brought a civil action for the benefit of the United States against AIT, Air Cargo, and Thomas A. Perry, Jr., an officer of Air Cargo, alleging that they violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33 (2002 & West Supp. 2006), by overcharging the Navy for freight transportation services.[1]  AIT received a copy of the relator's complaint in April, 2005. See Air Cargo's Mem. Opp'n Mot. Confirm Arbitration Award & Supp. Mot. Vacate Arbitrator's Award, Ex. AC-3 (Amended Decision and Award, dated March 3, 2006) (hereinafter "Arbitral Award") at 5. While investigating the relator's allegations, AIT discovered that Air Cargo had been changing the prices charged to customers for AIT's services without entering an explanation for the change into AIT's computer system. Arbitral Award at 5.

Believing that Air Cargo breached § III(K) of the Agreement by

---

[1] The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33 (2002 & West Supp. 2006), provides civil penalties against a person who knowingly submits a false claim for payment to the United States. 31 U.S.C. § 3729.  To encourage the reporting of false claims, the FCA provides that any person may bring, for the benefit of the United States, a civil action for violation of § 3729. See 31 U.S.C. § 3730(b).  When such an action is brought, the United States is served with a copy of the complaint, and if the government chooses to intervene in the action, the originator of the suit, who is known as the relator, remains a plaintiff in the action. 31 U.S.C. § 3730(b)-(c).  If the action is successful, the relator is entitled to a portion of the recovery.  31 U.S.C. § 3730(d).

failing to enter explanations for price changes into AIT's computer system, AIT notified Air Cargo that it was terminating the Agreement, effective June 30, 2005.  See id. at 6.  Soon thereafter, AIT demanded arbitration to enforce its right to indemnification for the costs it was incurring in investigating the FCA allegations against it.  See id.  The United States subsequently intervened in the relator's FCA action against AIT, Air Cargo, and Thomas A. Perry, Jr., filing its own FCA complaint against them in October, 2005.  See supra note 1 (explaining the government's option to intervene in the relator's action).

With the government's FCA allegations pending against the parties, arbitration proceedings to settle their contract dispute were held in Chicago, Illinois, in December, 2005.  See Arbitral Award at 1.  The questions presented to the arbitrator were whether Air Cargo breached § III(K) of the Agreement by failing to enter explanations for price changes into AIT's computer system, and, if so, "is Air Cargo contractually obligated to indemnify AIT for any damages that resulted therefrom?"  Id. at 2.  In his Amended Decision and Award (hereinafter "Arbitral Award"), entered on March 3, 2006, the arbitrator answered both questions in the affirmative.  Id. at 13-16.  Although Air Cargo argued to the arbitrator that federal case law prohibits an FCA defendant from seeking indemnification for its FCA liability, the arbitrator relied on federal case law holding that an FCA defendant may pursue

a claim for independent damages; that is, a claim that is not dependent on a showing that the defendant is liable under the FCA. See id. at 10-11, 14-15.  Since AIT's liability under the FCA was not a question before the arbitrator, the arbitrator proceeded to interpret the parties' Agreement under the law of contracts, ultimately determining that Air Cargo is contractually obligated to indemnify AIT for "all past and future costs and expenses (including reasonable attorney's fees) arising out of or in connection with the False Claims allegations . . . ."  See id. at 14-16, 18.  The arbitrator subsequently delivered a Clarification of Decision and Award ("Clarification of Award"), dated April 11, 2006, wherein he reaffirms the Arbitral Award and determines that Thomas A. Perry, Jr., as a co-obligor with Air Cargo, must also indemnify AIT.  See AIT's Mot. & Supp. Mem. Confirm Arbitration Award Ex. B (Clarification of Decision and Award, dated April 11, 2006).[2]

On May 4, 2006, AIT filed a motion under the Federal

---

[2] In his Clarification of Award, the arbitrator reiterates that "Air Cargo is responsible for ongoing damages that were the result of Air Cargo's actions that were argued during the Arbitration.  This includes the failure of Air Cargo employees to enter pertinent information into AIT's computer system which resulted in False Claims Act action, reasonable attorneys fees, and other fees directly associated with that failure." See AIT's Mot. & Supp. Mem. Confirm Arbitration Award Ex. B (Clarification of Decision and Award, dated April 11, 2006).  The arbitrator states that the current amount of indemnification Air Cargo owes to AIT is $160,563.31, and directs the parties to agree to a procedure for pre-payment review of attorneys' fees AIT has incurred since the arbitration. Id.

Arbitration Act to confirm the Arbitral Award and Clarification of Award.  On May 26, 2006, Air Cargo filed a motion to vacate the award.  AIT responded in opposition to Air Cargo's motion to vacate the award on June 9, 2006, to which Air Cargo replied on June 16, 2006.  The issue determinative of these motions is whether the arbitrator manifestly disregarded the law in determining that Air Cargo is contractually obligated to indemnify AIT for damages related to the FCA allegations against AIT, when AIT has not been found free of FCA liability.[3]  Since the issue has been adequately briefed by both parties, a hearing is not necessary to the court's determination of the parties' motions.

## II. Analysis

Arbitration is intended to settle disputes efficiently, without resort to formal litigation.  See Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998); Remmey v. Painewebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994).  To encourage the use of arbitration as an alternative to formal litigation, judicial review of an arbitral award is exceedingly narrow.  See Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006) ("The process and extent of federal judicial review of an arbitration award are substantially circumscribed");

---

[3] On April 18, 2006, after the Arbitral Award was made, a consent judgment was entered against Air Cargo and Thomas A. Perry, Jr. in favor of the United States. The government's FCA allegations against AIT remain pending.

<u>Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union</u>, 973 F.2d 276, 278 (4th Cir. 1992) ("[J]udicial review of an arbitration award is among the narrowest known to the law" (internal quotation marks and citation omitted)).

Under the Federal Arbitration Act ("the Act"), 9 U.S.C. §§ 1-16 (1999 & West Supp. 2006), any party to an arbitration proceeding may request a court to enter an order confirming the arbitral award. <u>See</u> 9 U.S.C. § 9. If the request for an order confirming the award is made to the court in accordance with the Act,[4] then "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the Act]." <u>Id.</u>

Each ground for vacatur prescribed in section 10 of the Act is based on some misconduct by the arbitrators during the course of the arbitration proceeding, such as "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).[5] Arbitrators exceed their powers when their

---

[4] Under the Act, the parties must have agreed to arbitrate, agreed to entry of a judgment upon an arbitral award, and specified in their agreement the court to enter such an award. 9 U.S.C. § 9 (1999). The request for confirmation of an award must be made to the court specified in the agreement and within one year after the arbitral award was made. <u>Id.</u>

[5] The other grounds for vacatur prescribed in section 10 are:

(1)  where the award was procured by corruption, fraud,

legal interpretation is in "manifest disregard of the law." See Upshur Coals Corp. v. United Mine Workers of America, Dist. 31, 933 F.2d 225, 229 (4th Cir. 1991). Manifest disregard of the law entails more than a misapplication of the law or a mistaken legal conclusion. A party seeking to vacate an arbitral award based on the arbitrators' manifest disregard of the law "is required to show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision." Remmey, 32 F.3d at 149.

Only by deliberately disregarding law that the arbitrator found applicable to the case before him, in order to reach a particular result, is the arbitrator guilty of the kind of misconduct warranting vacatur of the arbitral decision. "So long as an arbitrator makes a good faith effort to apply the law as he perceives it, the courts may not upset his decision simply because they are able to poke a few holes in the arbitrator's analysis." Richmond, Fredericksburg & Potomac R.R. Co., 973 F.2d at 281-82

---

   or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them; [or]
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]

9 U.S.C. § 10(a)(1)-(3) (1999 & West Supp. 2006).

(holding that where there is case law supporting the position of each side, "the arbitrator was entitled to rely on what he thought was the law" and it is not the court's place "to determine which side of the conflict the arbitrator should have come down on"); see also Upshur Coals Corp., 933 F.2d at 229-31 (holding that even though the arbitrators' interpretation of controlling case law may not have been correct, "[u]nless the arbitrator's decision reflects his personal notions of right and wrong, or unless the arbitrator appears utterly to have failed to execute his duty to interpret the contract or the relevant law, the arbitrator's decision must stand").

AIT has moved, in accordance with the Federal Arbitration Act, for an order confirming the Arbitral Award and Clarification of Award.[6]  This court must grant AIT's motion unless the award is vacated, modified, or corrected as prescribed in the Act.  See 9 U.S.C. § 9.  Air Cargo seeks to vacate the award based on the

---

[6] The parties agreed to arbitrate any dispute, agreed to entry of a judgment upon the arbitral award, and specified in their Agreement that judgment could be entered by any court with jurisdiction to enforce the award.  See AIT's Mem. Opp'n Mot. Vacate Arbitration Award Ex. 1, Attach. 2 (Independent Contractor Agreement) at § XIX.  With the amount in controversy exceeding $75,000 and the parties of diverse citizenship, this court has diversity jurisdiction to enforce the award; and AIT's motion to confirm the award, filed on May 4, 2006, was made within one year after March 3, 2006, the date that the Arbitral Award was made.  Therefore, AIT's request for confirmation of the award was made in accordance with the Act.  See supra note 4 (detailing the jurisdictional and procedural requirements for a request for confirmation of an arbitral award).

arbitrator's alleged manifest disregard of federal case law that Air Cargo claims prohibits AIT from obtaining indemnification for FCA-related damages unless and until AIT is found free of FCA liability. Air Cargo alleges that it presented this law to the arbitrator, the arbitrator acknowledged this law in his Arbitral Award, but the arbitrator disregarded this law in awarding AIT indemnification.

AIT and Air Cargo authorized the arbitrator to interpret the Agreement under the laws of Illinois. They did not authorize him to determine their liability under the FCA. See supra at 4 (setting forth the two questions presented to the arbitrator). In regard to indemnification, the arbitrator was tasked with assessing Air Cargo's obligation under the Agreement's broadly-worded indemnity provision. See id. The indemnity provision obligates Air Cargo to "indemnify and hold AIT harmless from and against any and all claims, liabilities, costs and expenses (including reasonable attorney's fees), actions and damages arising out of or in connection with 'Air Cargo' services." See Agreement at § X(B).

AIT argued to the arbitrator that Air Cargo is obligated to indemnify AIT for damages relating to the FCA allegations against it, because those damages arose out of Air Cargo's failure to enter explanations for price changes into AIT's computer system. See Arbitral Award at 7-8. AIT asserted that its right to indemnification arises under the law of contracts, not the FCA, and

cited to the arbitrator FCA cases holding that an FCA defendant is permitted to pursue a claim for independent damages. See Air Cargo's Mem. Opp'n Mot. Confirm Arbitration Award & Supp. Mot. Vacate Arbitrator's Award, Ex. AC-2 (AIT's Post Hearing Reply) at 8.[7] Air Cargo countered that federal law limited the arbitrator's ability to award AIT indemnification for FCA-related damages when AIT has not been found free of FCA liability. See Arbitral Award at 10-11. In support of its position, Air Cargo cited to the arbitrator FCA cases holding that a defendant found liable under the FCA is precluded from bringing a third-party claim that would have the effect of offsetting its FCA liability. See Air Cargo's Reply Supp. Mot. Vacate Arbitration Award, Ex. 1 (Air Cargo's Post-Hearing Brief) at 22-23.[8]

While acknowledging the case law cited by Air Cargo, see

---

[7] Among the FCA cases cited by AIT is United States ex rel. Stephens v. R.D. Prabhu, No. CV-S-92-653-LDG (LRL), 1994 WL 761237 (D. Nev. Dec. 14, 1994) (unreported) (dismissing FCA defendants' third-party claims that will have the effect of offsetting their FCA liability, while holding that FCA defendants' counterclaims for independent damages may be pursued).

[8] United States ex rel. Public Integrity v. Therapeutic Technology, Inc., 895 F. Supp. 294 (S.D. Ala. 1995), and United States v. Nardone, 782 F. Supp. 996 (M.D. Pa. 1990), are among the FCA cases cited by Air Cargo. See United States ex rel. Public Integrity, 895 F. Supp. at 295-297 (declining to exercise supplemental jurisdiction over FCA defendants' third-party claims, reasoning that FCA defendants lack a right to bring claims that will have the effect of offsetting their FCA liability); Nardone, 782 F. Supp. at 999 (dismissing an FCA defendant's third party complaint because "a defendant who is found liable under the False Claims Act is not entitled to indemnification from a third party defendant").

11

Arbitral Award at 10-11, the arbitrator relied on the case law propounded by AIT, concluding that an FCA defendant "may maintain a claim for independent damages that is not dependent on a finding that the defendant is liable," id. at 15. Since AIT's liability under the FCA was not a question before the arbitrator, he proceeded to interpret the parties' Agreement under the law of contracts. See id. He concluded that "[t]he applicable indemnity clause does not exclude indemnity in case of certain types of lawsuits. It only requires that the expenses and damages arise from the other party's actions." Id. Finding that the government's FCA allegations against AIT arose from Air Cargo's actions in failing to enter explanations for price changes into AIT's computer system, the arbitrator determined that "AIT can seek recovery for any reasonable fees derived therefrom." Id.

It is plain that the arbitrator's decision was based on a good faith assessment of the law presented to him. The arbitrator was "entitled to rely on what he thought was the law," Richmond, Fredericksburg & Potomac R.R. Co., 973 F.2d at 282, and this court "will not substitute [its] judgment for that of the arbitrator," Upshur Coals Corp., 933 F.2d at 231, absent a showing of a proper ground for vacatur. See Remmey, 32 F.3d at 146 (declaring that the statutory grounds for vacatur of an arbitral award do not permit parties to "seek 'a second bite at the apple' simply because they desire a different outcome"). Since Air Cargo has not shown that

12

the arbitrator deliberately disregarded law that the arbitrator found applicable to the case before him, AIT's motion to confirm the arbitral award must be granted. See 9 U.S.C. § 9 (requiring a court to grant a motion to confirm an arbitral award unless the award is vacated as prescribed under the Act).

### III. Conclusion

For the reasons stated above, AIT's motion to confirm the Arbitral Award and Clarification of Award is **GRANTED,** and Air Cargo's motion to vacate the award is **DENIED.** The Clerk is **DIRECTED** to forward a copy of this Opinion and Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

August 1, 2006